16243

CRAVEN v. AKINS *ET AL.*

(54 S. E. (2d) 552)

*Mr. C. R. Burbage,* of Charleston, *for Appellant,*

*Messrs. Furman & Stevenson,* of North Charleston, *for respondent,*

August 1, 1949.

BAKER, Chief Justice.

This is an appeal from an order issued out of the Court of Common Pleas overruling a motion of the appellant to dissolve an attachment against one Great Dane van, the property of the appellant, which warrant of attachment was issued at the instance of the respondent, and based on his affidavit reading as follows:

"Personally appeared before me F. M. Craven who on oath says: That F. W. Akins is justly and truly indebted to Plaintiff in the sum of Five Hundred Thirty-five and 00/100 ($535.00) and that Plaintiff is entitled to an attachment against Defendant, F. W. Akins, upon the grounds: That Defendant, F. W. Akins, a nonresident of this State, his agent or servant, after hiring the truck of this Plaintiff, in January, 1949, to haul a load of produce to New York City and after Plaintiff complied with the said agreement, failed to pay Plaintiff the agreed freight of $225.00; and

also because of damages to Plaintiff's truck in the amount of $100.00, as well as other damages as will by the Complaint will more fully appear."

The warrant of attachment was in the usual form, directed to all and singular the Sheriffs and Constables of the County in which the action was commenced, commanding that they seize and attach one Great Dane van, Serial No. 1377 and Florida license for 1948, No. 44L-8, or so much of the property of the appellant (F. W. Akins) as will make the sum of Five hundred and thirty-five ($535.00) Dollars.

The appellant's notice of motion to dissolve the attachment was on the stated ground "that the same was irregularly issued in that the supporting affidavit is insufficient."

On the hearing of this motion, it was the contention of the appellant that the affidavit was insufficient for the reason that it set forth the amount of the indebtedness as $535.00, but in stating the component parts of the debt, the affidavit shows that $225.00 was due the respondent by the appellant for hauling a load of produce to New York City; $100.00 was due him for damages to his truck, and then "as well as other damages as will by the Complaint more fully appear."

As stated by the hearing Judge, a verified complaint was not served with the summons, and so the respondent could secure no help from it to supplement the statements made in the affidavit. He thereupon held that under Section 529 of the Code of 1942, the affidavit was sufficient to support the attachment for the $225.00 debt alleged therein, but insufficient as to the other indebtedness. It was further held that the demand of the respondent under his attachment was limited to the item of $225.00 set out in the affidavit, and that there had not been an excessive attachment, for in any event, the property attached would be the same Great Dane van. Of course, it followed that an approved replevin bond in the sum of $450.00 would release the attached property,

and this course of action was suggested in the order appealed from, pending the trial of the cause.

The holding of the Court in *Smith & Melton v. Walker*, 6 S. C. 169, 176, is, by analogy, apposite to and authority for the conclusion reached by the hearing Judge, and we quote therefrom:

"The objection that the affidavit did not state the time from which interest should be computed, is not substantial. If the plaintiff does not sufficiently state one of the several items that go to make up the amount of his demand, he is liable to have the effect of his attachment limited to that portion of his claim which is capable of computation. It is, therefore, the interest of the plaintiff, rather than of the defendant, that the amount of the plaintiff's claim should be distinctly stated. It does not appear that the amount attached was excessive, and there is no ground to interfere with the proceedings."

All exceptions are overruled, and the order of the Circuit Judge is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.